NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3267

BARBARA A. LENSING,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Frederick J. Boncher, Schenk, Boncher & Rypma, of Grand Rapids, Michigan, argued for petitioner.

Ellen M. Lynch, Trial Attorney, Commercial Litigation Branch, United States Department of Justice, of Washington, DC, argued for respondent. With her on the brief were Gregory S. Katsas, Assistant Attorney General, Jeanne M. Davidson, Director, and Deborah A. Bynum, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3267

BARBARA A. LENSING,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board
in CH844E060621-I-1.

_____

DECIDED: October 31, 2008
_____

Before LOURIE, RADER, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner Barbara A. Lensing seeks review of a decision of the Merit Systems Protection Board, which affirmed a decision of the Office of Personnel Management ("OPM"). The OPM decision denied Ms. Lensing's application for disability retirement from her position with the United States Postal Service. In light of the highly restrictive standard of review assigned to this court by statute in cases involving claims for disability benefits, we <u>affirm</u> the decision of the Board.

Ms. Lensing worked as a Human Resources Associate with the Postal Service. In May 2005, she applied to OPM for disability retirement benefits. In connection with her application, she submitted statements from several physicians and a counselor documenting her medical condition. The physicians and counselor noted that she had been hospitalized with psychiatric problems in October 2004, and they set forth their opinions that she suffered from depression, which rendered her disabled and unable to continue working for the Postal Service.

OPM denied her application. In its decision letter, OPM wrote that there was "no objective medical evidence in the file with which to follow the course and incapacitating extent of your condition and that could substantiate that your condition will continue at a disabling degree for at least a full year" from the date of her application for disability benefits. The decision letter added that "symptoms of depression and stress wax and wane and can be very amenable to aggressive appropriate drug regimens and psychotherapy." The evidence she submitted, OPM advised her, failed to establish "that you have undergone such intensive and aggressive therapy for your depression long enough to establish that your condition is refractory to such regimens and psychotherapy and will continue at a disabling level for at least 12 months" from the disability application date. The letter further stated that Ms. Lensing had not submitted "a medical description of the depressive and anxious manifestations you exhibited in the past, and the [e]ffect such may have had on your ability to perform your daily and work activities." The letter added that "there were no progress notes in the file identifying the duration, frequency and intensity of such episodes that could substantiate the impairing

extent of your condition."  Based on the evidence in the file, OPM determined that "it is likely that your symptoms may be amenable to the therapies you began in July 2004 . . . and it is possible that such may improve before August 2006, if you continue to follow [her physicians'] recommended treatment plans."  Accordingly, OPM concluded that the file lacked medical records documenting that Ms. Lensing's medical conditions "are of sufficient degree to meet the criteria for entitlement to disability retirement benefits," and that she had failed to show that she had "diligently pursued all available and appropriate treatments and therapies with full compliance, without significant periods of interruption."  OPM therefore concluded that Ms. Lensing had not established that she had "a disabling medical condition that meets the criteria for entitlement to disability retirement benefits."

Ms. Lensing sought reconsideration of OPM's decision, but her request for reconsideration was denied.  In its letter denying reconsideration, OPM wrote that the medical evidence Ms. Lensing had submitted showed that her medical condition had improved since her hospitalization "and does not show that you were unable to return to work following the appropriate therapeutic regimen and your total compliance."  With respect to the new medical evidence that Ms. Lensing submitted in connection with her request for reconsideration, OPM wrote that the evidence "failed to show that your symptoms have worsened and prevent you from performing the essential duties of your position."  After analyzing each of the physicians' reports, OPM concluded that the medical evidence "failed to establish a medical condition of the severity to prevent you from performing in your position" and "failed to establish that your medical conditions were incompatible with either useful or efficient service or retention in you[r] position."

Ms. Lensing then appealed to the Board. Following a hearing, the administrative judge who was assigned to the appeal upheld OPM's decision. After reviewing the evidence submitted by Ms. Lensing, which consisted mainly of reports from medical and psychological professionals who had treated her, the administrative judge found that "none of the medical documentation . . . demonstrates that the appellant is disabled from useful and efficient service." The administrative judge found that the medical opinions were "conclusory and describe the appellant's ailments and the various drugs she takes, without showing how her conditions affect her specific job duties and requirements." The administrative judge further noted that "there is nothing in the record from any medical provider that specifically relates any of the appellant's medical conditions to her particular job duties and explains why her medical conditions prevent her from performing those duties in a useful and efficient manner."

The administrative judge noted that during the Board proceeding Ms. Lensing had submitted evidence from Donald Van Ostenberg, a licensed psychologist, who stated that Ms. Lensing's diagnoses of major depression, bipolar disorder and generalized anxiety were warranted and that her prognosis was poor. Focusing on Dr. Van Ostenberg's conclusion that a change in treatment and medication might enable Ms. Lensing ultimately to maintain employment, the administrative judge said that Dr. Van Ostenberg's analysis did not "conclusively indicate that the appellant was disabled because he indicated that her condition could be controlled if she tries a variety of different doctors, therapists, and medications to find those best suited for her." The administrative judge also noted that Dr. Van Ostenberg had seen Ms. Lensing only once, which the administrative judge concluded "reduces the probative value of his

evidence." Based on all of the evidence submitted, the administrative judge concluded that Ms. Lensing "clearly suffers from depression," but that she had "failed to submit evidence sufficient to show that she satisfied all of the requirements of 5 C.F.R. § 844.103(a)," and thus did not qualify for disability benefits. After the full Board denied Ms. Lensing's petition for review, she sought review by this court.

II

In cases involving OPM disability decisions, this court's authority to review decisions of the Merit Systems Protection Board is severely restricted. Unlike our authority to review Board decisions in other areas, we may not review the factual underpinnings of disability determinations; our review is limited to determining "whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791 (1985); see Anthony v. Office of Pers. Mgmt., 58 F.3d 620, 624-26 (Fed. Cir. 1995) (Lindahl rule applies to the disability provision of the Federal Employees Retirement System, 5 U.S.C. § 8461, as well as the disability provision of the Civil Service Retirement System, 5 U.S.C. § 8347). The question whether the administrative judge incorrectly weighed the evidence before her is therefore not an issue that we may review in this appeal.

Rather than directly challenging the administrative judge's weighing of the evidence, Ms. Lensing makes two legal arguments. One of her arguments is that the administrative judge improperly disregarded the evidence from Dr. Van Ostenberg on the grounds that he had limited contact with her and that he could not conclusively state

that her condition was permanent and untreatable. That argument is readily answered: The administrative judge did not disregard Dr. Van Ostenberg's evidence, but merely assigned it less weight based on various factors, including the fact that Dr. Van Ostenberg saw Ms. Lensing only once. What the administrative judge did was to weigh the evidence, and the task of weighing the evidence in disability cases is not one that we are authorized to second-guess.

The other argument made by Ms. Lensing has more substance. She argues that the administrative judge erred by requiring that her medical documentation show how her mental conditions affected her specific job duties and requirements. In making that argument, she relies on this court's decision in Vanieken-Ryals v. Office of Personnel Management, 508 F.3d 1034 (2007), and the Board's earlier decision in Mullins-Howard v. Office of Personnel Management, 71 M.S.P.R. 619 (1996). Each of those cases stated that when a disability applicant's medical evidence indicates physical or mental incapacity so severe as to clearly establish that the applicant is unable to perform the tasks of any job, the medical evidence need not enumerate what specific job tasks are rendered infeasible by the applicant's condition. 508 F.3d at 1043; 71 M.S.P.R. at 627.

The problem with Ms. Lensing's argument is that the evidence on which she relies to support her claim that the Board violated the principles of Vanieken-Ryals and Mullins-Howard failed to demonstrate the level of incapacity necessary to trigger those principles. The evidence that Ms. Lensing presented to OPM consisted of statements from her therapist and three physicians, together with a number of medical records, most of which related to her six-day stay in a hospital following her attempted suicide in October 2004. Two of the physicians' statements, as noted by the administrative judge,

were conclusory, stating simply that she is "disabled and cannot return to work" (Dr. Combalecer), and that her depression "has deemed her disabled and unable to continue working for the postal service" (Dr. Bunting). The notes of her discharge from the hospital, signed by the third physician, stated that she suffered from "major depression, recurrent, severe, without psychotic features," and concluded that although her prognosis was "somewhat guarded" because of "significant stressors in her life," her prognosis "would improve if the patient will abstain from substances, continue with medication as prescribed, [and] continue with intensive individual therapy" (Dr. Gunadi).

Ms. Lensing's therapist submitted a longer statement, in which he related that Ms. Lensing was "experiencing significant symptoms of depression and anxiety related to stressors in her life" (Mr. Graham). Those stressors included what Ms. Lensing described as discrimination against her at work and a lawsuit against the Postal Service (which was subsequently settled). The therapist noted that after her hospital stay, during which her medications were changed and increased, she "has been able to more successfully address [her] family issues," but has not "been able to progress as well in dealing with the stress of the lawsuit." With regard to her work situation, the therapist concluded as follows:

> She clearly does not feel comfortable or safe (emotionally) working in her position at the post office, and struggles with the emotional and psychological burden that the discrimination has caused. Barbara feels unsupported, victimized (through discrimination), and emotionally and psychologically vulnerable at her job. Given this resulting emotional disability, and the fact that she is dealing with major depression and significant anxiety, she is unable to return to work at this time.

The administrative judge concluded that the evidence summarized above did not demonstrate that Ms. Lensing was incapable of performing each of the particular

responsibilities associated with her position. Even under the test described in Vanieken-Ryals and Mullins-Howard, that evidence fares no better, as it also fails to suggest that she was completely incapable of performing any work functions at all. The evidence that Ms. Lensing submitted to OPM therefore did not satisfy the predicate for applying the rule of Vanieken-Ryals and Mullins-Howard. Accordingly, with respect to that evidence, any failure on the part of the administrative judge to allude to that rule was, at most, harmless error.

The administrative judge separately addressed the evidence that was presented for the first time on appeal to the Board, which consisted of Dr. Van Osterberg's report and live testimony from Dr. Van Osterberg. As the administrative judge acknowledged, Dr. Van Osterberg's report and testimony specifically related Ms. Lensing's medical condition to her particular job duties and explained why her medical conditions prevented her from performing those duties. Thus, Dr. Van Ostenberg's presentations did not fall short with respect to any nexus to Ms. Lensing's responsibilities and duties. Instead, the administrative judge found that Dr. Van Ostenberg's presentations did not satisfy Ms. Lensing's burden of demonstrating disability because (1) "he indicated that her condition could be controlled if she tries a variety of different doctors, therapists, and medications to find those best suited for her," and (2) Dr. Van Ostenberg saw Ms. Lensing only once, which the administrative judge found "reduces the probative value of his evidence."

While the administrative judge's characterization of Dr. Van Ostenberg's analysis seems to paint a more optimistic picture than is justified by his report and his testimony, and while that would be an issue if our review were governed by the substantial

evidence standard, the standard applicable to our review of the Board's decision in this case does not permit us to assess whether substantial evidence supports the Board's decision. Because the Board's reasons for concluding that Dr. Van Ostenberg's analysis did not establish that Ms. Lensing is disabled had nothing to do with whether the administrative judge applied the proper standard from Vanieken-Ryals and Mullins-Howard, we cannot overturn the Board's decision on that legal ground, as Ms. Lensing requests that we do.

This case, like many disability cases, turns mainly on the standard of review. Disability claims in general are very factual in nature, and Congress has given this court a very narrow scope of review over Board decisions regarding claims for disability benefits. In sum, while we find this to be a troubling case factually, there is no legal basis for us to intercede. We therefore are constrained to uphold the decision of the Board and, in turn, of OPM.